# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>PERLA DIANA ARMAS,<br><br>              Defendant. | CASE NO. 19cr1566-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) [Dkt. 110]** |

Perla Armas pled guilty in 2019 to distribution of heroin and methamphetamine. The Court imposed a total custodial sentence of 51 months, followed by 5 years of supervised release. Armas has served roughly 15 months of her sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on December 20, 2022.

Armas moves for a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A). She maintains she suffers from respiratory issues and an impaired immune system. The Government opposes Armas' motion, asserting that she has not met the burden of establishing that a sentence reduction is warranted under the statute. Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it

concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

The Government argues that Armas doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement. BOP medical records indicate that she has "mild seasonal asthma" or "mild intermittent asthma." (Gov't Exh. 4 at 9.) The Court agrees that Armas's conditions don't meet the "extraordinary and compelling" threshold. Nor has she demonstrated that these conditions substantially diminish her ability to provide self-care or  that she can't be effectively treated within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). Armas likewise hasn't established that Bryan FPC is unable to safeguard her health during the remainder of her sentence. Currently only 1 inmate among the 490 inmates at the facility has an active COVID-19 infection. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed August 12, 2021). These institutional circumstances mitigate the risk that Armas will contract COVID-19 or another life-threatening illnesses.

The § 3553(a) factors continue to support the imposition of Armas' original sentence. Her offenses – distribution of methamphetamine and heroin – were unquestionably serious. While on bond awaiting sentencing, she violated the terms of her pretrial release several times by using illicit drugs and by driving under the influence of alcohol. She had also previously suffered two prior criminal convictions including assault on a peace officer and making a criminal threat to dissuade a crime victim. (Dkt. 85 at 15.) The Court finds that there is a continuing need for deterrence under § 3553(a)(2)(B). The need to protect the public from Armas' repeated criminal behavior is also strongly implicated. See 18 U.S.C. § 3553(a)(2)(C). These considerations weigh heavily against her early release and predominate over considerations related to her medical condition.

1        Armas hasn't demonstrated "extraordinary and compelling reasons" to

2   warrant a reduction of her sentence, nor that her health conditions outweigh

3   the need for her to complete her sentence. Her motion for early release is

4   **DENIED**.

5        **IT IS SO ORDERED**.

6

7   Dated: August 17, 2021

8   _____
    **HONORABLE LARRY ALAN BURNS**

9   United States District Judge